## M. J. HARALSON *v.* HUGH McGAVOCK.

CHANCERY PLEADINGS AND PRACTICE  *Covenant to convey. Breach. Damages. Reference to clerk and master.* Upon a bill filed to recover for a breach of a covenant to convey land, the measure of damages is the value of the land at the time of the breach. If the parties by their own contract have fixed the value of the land which is to be conveyed, they have fixed the measure of damages, and no order of reference to the clerk and master to take proof and report amount of damages will be made.

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

SMITH & ALLISON for complainant.

N. D. MALONE for defendant.

JONES, Sp. J., delivered the opinion of the court.

On the 5th of April, 1873, complainant filed his bill in the chancery court at Nashville, against defendant, alleging that on the 29th of December, 1871, defendant and one Wetmore (who it is alleged had no interest in the contract), made a contract with complainant to deliver to him $3,500 worth of merchandise, "complainant agreeing to receive the same at an advance of ten per cent on the original cost to said McGavock & Wetmore," a lot of machinery amounting to the sum of $2,500—also a piano at $240, and one at $145—also one melodeon at $60, and two at $120 each, making the three cost $300—one organ at $225, and twelve sewing machines at $450. The parties also agreed and contracted to make or cause to be made to complainant a deed or deeds to lots Nos. 179, 181, 345 and 198, in Wetmore & McGavock's addition to Nashville, the said lots containing 450 feet, at the aggregate price of $3,500; but it was understood and agreed between the parties, that in the event the title cannot be made to said four lots in Wetmore & Mc-Gavock's addition, then and in that event the defendant McGavock reserves the right to convey to complainant in lieu of said four lots, a lot on College street, in the ninth ward of the city of Nashville, adjoining the engine house, at $30 per foot, or another lot at the corner of Madison and College streets, at $25 per foot, in amount sufficient to cover the original amount of $3,500.

Complainant, on the other hand, was to furnish in

payment one pair of bay horses, described in the contract, at $500. Complainant also agreed to make or cause to be made to defendant McGavock a deed in fee, with covenants of general warranty, to two hundred and fifty-four and one-fourth acres of cedar land, to be selected by the defendant out of a tract of 375 acres of timber land in the twenty-third civil district of Wilson county, belonging to complainant, the said land being valued at $40 per acre in said contract, and if the defendant gives the complainant notice of his acceptance (which right he reserves) of the contract, then from the date of said acceptance the complainant shall desist from further cutting any timber off of said 375 acres until defendant McGavock shall procure said 375 acres to be surveyed, and select his $254\frac{1}{4}$ acres out of said tract of 375 acres—the survey to be made in two weeks after said acceptance. Said contract further provides that the defendant McGavock reserves to himself the right to accept the terms of the contract up to the 4th of January, 1872, and if he do not notify the complainant of his acceptance, then the contract shall be annulled; but if he does notify the complainant of his acceptance, then and in that event it shall take effect on the date of its execution.

The bill also alleges that within the time given to defendant McGavock to accept the terms and conditions of said contract, he, and M. W. Wetmore and Player Martin did give said notice, *and accept the terms and conditions* of said contract, and made the notice and acceptance a part of said contract. At the same time

46—VOL. 10.

complainant agreed to make said notice and acceptance a part of the contract, and took the goods at his own risk, and agreed to pay fifty dollars per month for the store where the goods were placed.

Complainant further states in his bill that he has complied with his contract *in all particulars*, in fact he has conveyed, according to the terms of the contract, something more than 257 acres of land, whilst the terms thereof only require him to convey $254\frac{1}{4}$ acres—in other words, he has paid in land $120 more than he was to pay.

Complainant charges that he has made repeated applications to the defendant to comply on his behalf, and he has repeatedly said he would do so, but he has failed, and actually will not perform said contract, in fact it is out of his power to do so, as he has conveyed the lot on College street near the engine house, and the lot on the corner of Madison and College streets, to A. S. Colyar, Esq., and to the lots in Wetmore & McGavock's addition, to-wit, 179, 181, 345 and 198, complainant is informed and believes he has no title.

The bill also alleges that complainant received of the goods $3,057.13, making a deficit in his favor of $42.87, and although the contract required him to take the cotton machinery, he has never seen it.

The bill admits that complainant has received the piano-fortes, melodeons, sewing machines and organs, but charges that McGavock has not and will not convey to him said lots. Complainant asks the court to compel the defendant specifically to perform said con-

tract, or to pay such damages as has resulted to complainant by reason of his non-performance thereof.

The bill prays that McGavock be compelled to execute a deed to complainant for said lots, but in the event it should turn out that he cannot make "a good title to him according to said contract, then that the clerk and master report the value of said lots, and state an account of the damages resulting to complainant by reason of his failure or inability to carry into effect said contract."

The bill also prays "that the process issued in the cause be returnable to the 3d Monday or rule day of the court." Subpœna and copy of bill issued on the 15th of April, 1873, returnable to 3d Monday in April, 1873, and which was returned duly executed. At the August rules, 1873, the bill was taken for confessed, and the cause set for hearing *ex-parte*.

On the 25th of January, 1874, another *pro-confesso* order is taken in open court, and the cause heard upon the allegations of the bill, when the chancellor gave a decree in favor of complainant for the sum of $3,500, the value of the lots which defendant had failed to convey to complainant according to his contract, and interest thereon from the date of the contract to the rendition of the decree, and the further sum of $120, the excess in the value of the lands he had conveyed to defendant, and $42.83, the loss in the estimated value of the goods, with interest thereon from the date aforesaid, amounting in all to $4,111.40, from which defendant has appealed to this court.

First, it is insisted that the cause was not before

the chancellor for trial. That the bill was filed in. April, after the term of the chancery court had commenced, and the process issued should have been made returnable to the next December term of said court. Section 4348 of the Code says: "Original process may, by rule of court, applicable to the court where made, be returnable to the rule days, and all others except final process, may be so returnable."

The chancellor for the chancery court of Davidson county, on the 9th of November, 1857, adopted the following rule and had it entered upon the minutes of his court: "The court this day adopts it as a rule of court, that all original process may be made returnable to the third Monday of each term of the court as a rule day, under the authority given by section 4348 of the Code, and the rule as adopted is directed to be entered on the minutes of the court."

In the case of *Maultsby* v. *Carty*, 11 Hum., 361, the Supreme Court held that "a rule of court made by the chancellor in pursuance of an act of assembly is as obligatory and inflexible as a statute enacted by the Legislature." See, also, *Marsh* v. *Crawford*, 1 Swan, 116. But even if it had been erroneous to enter the *pro confesso* decree at the August rules, 1873, there can be no question as to the power of the chancellor to permit the *pro confesso* order during the next term of his court. Each day of the term of the chancery court is made a rule day: Code, sec. 4421.

Again, it is very earnestly argued that the chancellor erred in fixing the value of the lots at $3,500, without a reference to the clerk and master. It is

unquestionably true, as argued by counsel, that an action for breach of a covenant to convey, the measure of damages is the value of the land at the time of the breach. See *Shaw* v. *Williams*, 8 Hum., 653; *Clark* v. *Locke*, 11 Hum., 300-1; *Chittenden* v. *Posey*, 1 Head, 320. If the value of the land at the time of the breach was uncertain, or had not been ascertained by some agreement, then a reference to the clerk and master to ascertain that value by proof is necessary; but when parties by their own contract have fixed the value of the land which is to be conveyed, they have fixed the measure of damages if the contract is broken. To order a reference to the clerk and master to take proof and report the value of the land at the time of the breach, would be denying the right of the parties to make their own contracts.

Whenever an order *pro confesso* is lawfully had, the allegations in the bill are to be taken as admitted, except in cases of infants, persons of unsound mind, executors or administrators, bills for divorce, and bills without attachment of property, against non-residents. See Code, sec. 4371.

The allegations of the bill which are admitted under this section of the Code are as follows: "The said parties also contracted and agreed to make or cause to be made to complainant a deed or deeds to lots Nos. 179, 181, 345 and 198, in Wetmore & McGavock's addition to Nashville, the said four lots containing 450 feet, at the aggregate price of $3,500; but it was understood and agreed between the parties, that in the event the title cannot be made to said four

lots in Wetmore & McGavock's addition, then and in that event the defendant McGavock reserves the right to convey to complainant in lieu of said lots, a lot on College street, in the ninth ward of the city of Nashville, adjoining the engine house, at $30 per foot, or another lot at the corner of Madison and College streets, at $25 per foot, in amount sufficient to cover the original amount of $3,500."

We think that this contract, as thus set out in the bill, admits of no other construction but that the parties themselves fixed the value of the lots, and thereby fixed the measure of damages if they were not conveyed according to the contract. So far from the chancellor erring in fixing the damages at the value which the parties placed upon the lots, he would have erred if he had referred it to the clerk and master, and directed him to take proof as to their value. As to the question of interest, that is a matter which would have been left to the discretion of a jury if it had been submitted to them—so it is left to the discretion of the chancellor when he has to decide it. As to the time when the deeds were to be executed, we think it was the intention of the parties that all of the conveyances were to be executed at the same time and to relate to the date of the contract.

In drawing the decree, we think the chancellor evidently overlooked two items for which the defendant should have credit—one is ten per cent advance which complainant admits he was to pay on the goods received, and the other is fifty dollars per month, which he admits he was to pay for the use of the

store-house while his goods remained in the same. And as there is no allegation in the bill as to the time he thus occupied the store house, this matter will have to be referred to the clerk of this court, who will take proof and report the same, and said amounts, with interest thereon to the time of the rendition of the decree in the chancery court, will be deducted from said decree, and the clerk will report the balance due at that time to the present term of this court, if practicable, if not, to the next term.

The costs of the chancery court will be paid as decreed by the chancellor, and the costs of this court. will be divided between the parties.